JERRY E. SMITH, Circuit Judge, joined by EDITH H. JONES, EDITH BROWN CLEMENT, and JENNIFER WALKER ELROD, Circuit Judges,
dissenting from the denial of rehearing en banc:
Rehearing has failed by only one vote. That is remarkable for a case submitted without oral argument, resulting in an opinion that is unpublished, in response to which the State of Louisiana failed to file a petition for rehearing en banc.
Judge Elrod’s compelling dissent, pointing out that the state habeas court had unequivocally adjudicated Robinson’s claim on the merits, should have alerted the parties that the Fifth Circuit was giving close attention to the case. Yet the state remained mute.
It is indisputably more difficult to attract the attention of a majority of the judges where the request for an en banc poll is sua sponte and not in response to a petition for rehearing en banc. The natural default is that in an adversarial system of justice, the court should not devote its considerable en banc resources to a case in which the losing party declines to press its case beyond an unsuccessful result from the panel. Here, nonetheless, seven of the fifteen active judges evidently view the panel majority as having committed error so serious that the rare invocation of the entire court is needed. Indeed, it is likely that other judges, in addition to the seven, find reversible error in the majority- opinion but have elected to let it stand only because the state defaulted in the defense of its previously stated position.
The panel majority’s obvious error cries out for correction. The entire case, on collateral review, turns on the discrete question whether the trial judge’s habeas ruling — on whether Robinson had adequately waived the right to counsel — was “on the merits” and thus subject to AED-PA deference. Throughout these proceedings, both sides treated the state court’s habeas decision as being on the merits, which is not surprising, given that that court ruled as follows:
DENIED — Although defendant conducted his own defense[,] appointed counsel was present during the proceedings. The issue of representation was not raised on appeal by appointed defense counsel.
That statement is obviously a ruling on the merits (reasoning that Robinson had appointed counsel present to observe and available to assist), followed by a separate and alternative holding that the issue was •procedurally defaulted (because it had not been raised).
Even the panel majority does not deny that if the order had ended with the first sentence, the ruling would be on the merits. The second sentence, separated from the first by a period, cannot reasonably be understood as casting the first into ambi *616 guity. The majority’s conclusion that the ruling, as a whole, is “ambiguous” is thus unsustainable. And the en banc court has failed by only one vote to undertake a rehearing to correct that evident error.
This opinion is enbancworthy because, even though unpublished, it infects our entire habeas jurisprudence by clouding what is meant by “ambiguous” in the context of merits declarations as distinguished from announcements of procedural default. It remains to be seen whether the State of Louisiana will file a petition for writ of certiorari, though the likelihood of success by that means is statistically much less than were the state’s chances had it sought review by the en banc court.
I respectfully dissent.